_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: 8:23-cv-01452-FWS-DFM                                           Date: August 30, 2023
Title: Armour Insurance Group, Ltd. v. Swift Logistics, LLC *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: (IN CHAMBERS): ORDER TO SHOW CAUSE RE DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION**

Jurisdiction in this removal action is alleged on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. However, it appears the court may lack subject matter jurisdiction because the Complaint may not adequately allege the citizenship of all artificial entities. (*See* Dkt. 1.)

Diversity jurisdiction requires complete diversity between the parties and that the amount in controversy exceeds $75,000. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806); 28 U.S.C. § 1332(a). In the case of a partnership, limited liability company, or other unincorporated association, the court must consider the citizenship of each of the partners, including limited partners, or members. The citizenship of each of the entity's partners or members must therefore be alleged. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990); *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Where a party is joined as a corporation, the complaint must allege both its respective state(s) of incorporation and principal place of business. 28 U.S.C. § 1332(c); *Harris v. Rand*, 682 F.3d 846, 850 (9th Cir. 2012).

Here, the Notice of Removal alleges Defendant Swift Logistics LLC, is an Ohio limited liability company. (Dkt. 1 ¶ 6.) The citizenships of its members, however, are not alleged. Accordingly, it appears complete diversity of the parties is inadequately alleged. *See Johnson*, 437 F.3d at 899.

_____

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:23-cv-01452-FWS-DFM | Date: August 30, 2023 |
| Title: Armour Insurance Group, Ltd. v. Swift Logistics, LLC *et al.* | |

     Accordingly, the court **ORDERS** Defendants to show cause in writing no later than **September 5, 2023**, why this action should not be remanded to California Superior Court for lack of subject matter jurisdiction. Failure to respond by the above date will result in the Court remanding this action. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").